# Office of the Chapter 13 Standing Trustee

*Isabel C. Balboa, Chapter 13 Standing Trustee*†

*Jane L. McDonald, Counsel*
*Raymond H. Shockley, Jr., Staff Attorney*
*Jennifer R. Gorchow, Staff Attorney*

*Jennie P. Archer\**
*Kelleen E. Stanley\**
*Lu'Shell K. Alexander\**

*\*Certified Bankruptcy Assistant*
†*Fellow, American College of Bankruptcy*

February 26, 2020

The Honorable Andrew B. Altenburg, Jr.
United States Bankruptcy Court
P.O. Box 2067
Camden, New Jersey 08102

      **RE:**    Chapter 13 Bankruptcy
              Case No. 19-28709 (ABA)
              Debtor(s) Name: Gregory Tillman

Dear Judge Altenburg:

      Please accept this letter in lieu of a more formal response to Debtor's Motion to Approve Auction of Personalty on shortened time which is returnable March 3, 2020 at 11:00 a.m.

      Debtor comes before the Court four (4) months after his Chapter 13 Bankruptcy Petition was filed on a motion requesting authorization to auction his vending machines. Debtor has a large number of older vending machines that he is currently paying to keep in storage. An Application to Retain Frank Stevens as Auctioneer is pending Court approval.

      Procedurally, Debtor's motion is defective. The signature page of the Certification in Support of Motion contains a computer generated signature through "DocuSign." The signature fails to comply with LBR 5005-1(b)(3)(B) and (C). Pursuant to the local rules, all electronic signatures must be preceded by "/s/", e.g. "/s/ Jane Doe." The Debtor's electronic signature fails to contain a "/s/" signature. Additionally, an e-filing participant must retain the original signature of a third party for 7 years after the closing of the case or proceeding. Upon request of the Court or a party, the e-filing participant must produce the document bearing the original signature. With a computer-generated signature, no original signature exists. Therefore, Debtor's counsel is unable to comply with the mandate to retain the certification with the original signature, when an original signature does not exist.

      While the Trustee does not oppose the auctioning of the vending machines, Debtor's motion and proposed Order fail to claim an exemption for the proceeds from sale of the vending machines. Debtor claims an exemption of $9,700 on Schedule C of the Bankruptcy Petition for the vending machines pursuant to 11 U.S.C. § 522(d)(5). Should the sale proceeds exceed $9,700, the remaining sales proceeds are non-exempt and should be forwarded to the Chapter 13 Trustee to be distributed as an additional base to unsecured creditors who filed timely claims.

      The proposed Order also fails to set a deadline date as to when the information regarding the sale of the vending machines shall be provided to the Court, the Trustee and all interested parties.

Cherry Tree Corporate Center
535 Route 38
Suite 580
Cherry Hill, NJ 08002
(856) 663-5002

Payments Only:

P.O. Box 1978
Memphis, TN 38101-1978

Honorable Andrew B. Altenburg, Jr.
Case No. 19-28709 (ABA)
February 26, 2020

    The Trustee respectfully requests that Debtor submit an amended Certification in compliance with LBR 5005-1(b)(3)(B) and (C), and Debtor be required to submit an amended proposed Order to the Judge's chambers to include the following language:

1. Within fourteen (14) days of the date of the auction, Debtor, through his counsel, shall supply the Court, the Chapter 13 Trustee's office and all interest parties with details regarding the proposed purchaser of property, including but not limited to, the name of the purchaser, any relationship to the debtor or the auctioneer, proposed sale price and the proposed final closing date.

2. Debtor claims sale proceeds in the amount of $9,700 as exempt pursuant to 11 U.S.C. § 522(d)(5). Any proceeds in excess of $9,700 are non-exempt and shall be forwarded to the Chapter 13 Trustee as an additional base to unsecured creditors who filed timely claims.

    As always, the Court is welcome to contact the Trustee with any concerns.

                          Respectfully submitted,

                          */s/ Raymond H. Shockley, Jr.*
                        Raymond H. Shockley, Jr.
                        Staff Attorney

RHS/jpa
cc:    Jenkins & Clayman (Via CM/ECF)
        Gregory Tillman (Via First Class Mail)

Cherry Tree Corporate Center
535 Route 38
Suite 580
Cherry Hill, NJ 08002
(856) 663-5002

Payments Only:

P.O. Box 1978
Memphis, TN 38101-1978

Page **2** of **2**