**STATISTICAL INFORMATION ONLY: Debtor must select the number of each of the following items included in the Plan.**

| 0 Valuation of Security | 0 Assumption of Executory Contract or Unexpired Lease | 0 Lien Avoidance |

**Last revised: August 1, 2020**

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW JERSEY

In Re:    Gregory S. Tillman

Case No.: 19-28709

Judge: ABA

Debtor(s)

## Chapter 13 Plan and Motions

☐ Original    ☒ Modified/Notice Required    Date: 09/02/2020

☐ Motions Included    ☐ Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE

**YOUR RIGHTS MAY BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

**The following matters may be of particular importance. Debtors must check one box on each line to state whether the plan includes each of the following items. If an item is checked as "Does Not" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

THIS PLAN:

☐ DOES ☒ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☒ DOES ☐ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☐ DOES ☒ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney: ____EJC____    Initial Debtor: _____GST_____    Initial Co-Debtor: _____

**Part 1:    Payment and Length of Plan**

$3,604 paid through August 31, 2020; then $500'month in September 2020; then $2,000/month to begin October 2020 such that plan will last 60 months.

b. The debtor shall make plan payments to the Trustee from the following sources:

☒    Future earnings

☐    Other sources of funding (describe source, amount and date when funds are available):

c. Use of real property to satisfy plan obligations:

☐ Sale of real property
Description:
Proposed date for completion: _____

☐ Refinance of real property:
Description:
Proposed date for completion: _____

☒ Loan modification with respect to mortgage encumbering property:
Description: 217 Spring Mill Road, Galloway, NJ
Proposed date for completion: _12/31/2020_____

d. ☒ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e. ☐ Other information that may be important relating to the payment and length of plan:

**Part 2:    Adequate Protection ☒ NONE**

      a.  Adequate protection payments will be made in the amount of $ _____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to _____ (creditor).

      b.  Adequate protection payments will be made in the amount of $ _____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: _____ (creditor).

**Part 3:    Priority Claims (Including Administrative Expenses)**

    a.    All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| CHAPTER 13 STANDING TRUSTEE | ADMINISTRATIVE | AS ALLOWED BY STATUTE |
| ATTORNEY FEE BALANCE | ADMINISTRATIVE | BALANCE DUE: $ 4,740 (est) plus all other court approved fees and costs |
| ~~DOMESTIC SUPPORT OBLIGATION~~ | | |
| IRS | TAXES | $56,022.50 |
| STATE OF NEW JERSEY | TAXES | $30,000 |

    b.    Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount: Check one:

☒ None

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|
| | Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount. | | |

## Part 4:   Secured Claims

### a. Curing Default and Maintaining Payments on Principal Residence: ☐ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| Specialized Loan Servicing | Residence | $8,107 | N/A | $8.107 | Resume September 2020 |
| Debtor will obtain a loan modification to take care of pre-petition mortgage arrears. This paragraph addresses post-petition arrears and the 6/23/20 court order resolving the motion to vacate the stay. | | | | | |

### b. Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears: ☒ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

### c. Secured claims excluded from 11 U.S.C. 506: ☒ NONE

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|
|  |  |  |  |  |

**d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments** ☐ **NONE**

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this Section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to be Paid |
|---|---|---|---|---|---|---|---|
| Atlantic Auto Body | 2006 Honda | $3,000 | $1,500 | N/A | $1,500 | N/A | $1,500 |
| NJ Division of Taxation | There is no equity in real property to secure the secured claim(s) | $31,010.20 | Zero | N/A | Zero | N/A | Zero |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e. Surrender** ☐ **NONE**

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
| State of New Jersey | 2001 Chevrolet Van | $300 | $7,200 |

**f. Secured Claims Unaffected by the Plan** ☒ **NONE**

The following secured claims are unaffected by the Plan:

**g. Secured Claims to be Paid in Full Through the Plan**: ☐ **NONE**

| Creditor | Collateral | Total Amount to be Paid Through the Plan |
|---|---|---|
| IRS | All assets | $26,325 |

### Part 5:    Unsecured Claims ☐ NONE

a. **Not separately classified** allowed non-priority unsecured claims shall be paid:

☒ Not less than $ _____0_____ to be distributed *pro rata*

☐ Not less than _____ percent

☐ *Pro Rata* distribution from any remaining funds

b. **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
|  |  |  |  |

**Part 6:    Executory Contracts and Unexpired Leases  ☐ NONE**

(NOTE:  See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
| Peter Reese | N/A | Verbal business lease | Rejected | N/A |

**Part 7:    Motions  ☐ NONE**

**NOTE:  All plans containing motions must be served on all affected lienholders, together with local form, *Notice of Chapter 13 Plan Transmittal*, within the time and in the manner set forth in D.N.J. LBR 3015-1.  A *Certification of Service, Notice of Chapter 13 Plan Transmittal, and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.**

a. **Motion to Avoid Liens Under 11. U.S.C. Section 522(f).   ☒ NONE**

The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

**b. Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.** ☐ **NONE**

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
| New Jersey Division of Taxation | There is no equity in property to secure the secured claim(s) | $31,018.20 | Zero | N/A | Zero | $31,018.20 |

**c. Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** ☐ **NONE**

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
| Atlantic Auto Body | 2006 Honda | $3,000 | $1,500 | $1,500 | $1,500 |

### Part 8:    Other Plan Provisions

**a. Vesting of Property of the Estate**

☒    Upon confirmation

☐    Upon discharge

**b. Payment Notices**

Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

**c. Order of Distribution**

The Standing Trustee shall pay allowed claims in the following order:

1) Ch. 13 Standing Trustee commissions
2) Jenkins & Clayman    5) Specialized Loan Servicing
3) Atlantic Auto Body
4) IRS & State of New Jersey pro rata

**d. Post-Petition Claims**

The Standing Trustee ☐ is, ☒ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

**Part 9:    Modification ☐ NONE**

**NOTE: Modification of a plan does not require that a separate motion be filed. A modified plan must be served in accordance with D.N.J. LBR 3015-2.**

If this Plan modifies a Plan previously filed in this case, complete the information below.

Date of Plan being modified: 06/30/2020                           .

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| 1. 6/23/20 court order allows mortgage post-petition payments to be cured inside plan.<br><br>2. Debtor is in vending machine business which has been severely affected by COVID-19 pandemic shut down.<br><br>3. NJ filed secured claim but there is no equity in real property. | 1. To include post-petition mortgage payments in plan.<br><br>2. To allow for reduced/suspended Trustee payments through September 2020; increasing in October 2020.<br><br>3. To account for IRS and NJ claims. |

Are Schedules I and J being filed simultaneously with this Modified Plan?    ☐ Yes    ☒ No

**Part 10:    Non-Standard Provision(s): Signatures Required**

Non-Standard Provisions Requiring Separate Signatures:

☒ NONE

☐ Explain here:

Any non-standard provisions placed elsewhere in this plan are ineffective.

**Signatures**

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

By signing and filing this document, the debtor(s), if not represented by an attorney, or the attorney for the debtor(s) certify that the wording and order of the provisions in this Chapter 13 Plan are identical to Local Form, *Chapter 13 Plan and Motions*, other than any non-standard provisions included in Part 10.

I certify under penalty of perjury that the above is true.

Date: 09/02/2ometryP2020_____      /s/ Gregory S. Tillman_____
                                                   Debtor

Date: _____              _____
                                                   Joint Debtor

Date: 09/02/2020_____             /s/ Eric J Clayman_____
                                                   Attorney for Debtor(s)

United States Bankruptcy Court
District of New Jersey

In re:  
Gregory Steven Tillman  
    Debtor

Case No. 19-28709-ABA  
Chapter 13

# CERTIFICATE OF NOTICE

District/off: 0312-1     User: admin     Page 1 of 2     Date Rcvd: Sep 11, 2020  
                Form ID: pdf901     Total Noticed: 35

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Sep 13, 2020.

```
db              Gregory Steven Tillman,    532 Old Marlton Pike W#567,    Marlton, NJ 08083
auc            +Frank Stevens,    2903 Pacific Ave,    Wildwood, NJ 08260-4942
cr             +Specialized Loan Servicing LLC,    P.O. Box 340514,    Tampa, FL 33694-0514
518553366      +Acorns,    5300 California Avenue,    Irvine, CA 92617-3230
518575903      +Atlantic Auto Body Shop,    2735 Fire Road,    Egg Harbor Twp., NJ 08234-9539
518553367       First Premier Bank,    PO Box 5529,    Sioux Falls, SD 57117-5529
518553368       First Progress Card,    PO Box 9053,    Johnson City, TN 37615-9053
518519644      +Jenkins & Clayman,    412 White Horse Pike,    Audubon, NJ 08106-1311
518584132     #+Kevin G. McDonald, Esquire,    KML Law Group, P.C.,    216 Haddon Avenue, Ste. 406,
                 Westmont, NJ 08108-2812
518508607      +NJ American Water,    PO Box 578,    Alton IL 62002-0578
518553363      +Peter Reese,    c/o Maaco Collision Repair,    101 Devins Lane,    Pleasantville, NJ 08232-4109
518499099      +Powers Kirn, LLC,    728 Marne Highway, Suite 200,    Moorestown, NJ 08057-3128
518553369      +Receivable Performance,    20818 44th Avenue W,    Suite 100,    Lynnwood, WA 98036-7709
518616277     ++STATE OF NEW JERSEY,    DIVISION OF TAXATION BANKRUPTCY UNIT,    PO BOX 245,
                 TRENTON NJ 08646-0245
                (address filed with court: STATE OF NEW JERSEY,    DEPARTMENT OF THE TREASURY,
                 DIVISION OF TAXATION,    P.O. BOX 245,    TRENTON, NJ 08695-0245)
518490982      +Specialized Loan Servicing LLC,    8742 Lucent Blvd,    Littleton, CO 80129-2386
518575902      +Specialized Loan Servicing LLC,    c/o Powers Kirn, LLC,    728 Marne Highway #200,
                 Moorestown, NJ 08057-3128
518553364       State of New Jersey,    Division of Taxation,    PO Box 445,    Trenton, NJ 08695-0445
518651326       THE STATE OF NEW JERSEY,    DIVISION OF EMPLOYER ACCOUNTS,    PO BOX 379,
                 TRENTON NEW JERSEY 08625-0379
518553370      +The Bank of Missouri - Total Card,    PO Box 85710,    Sioux Falls, SD 57118-5710
518656884       The State of New Jersey,    PO Box 379,    Trenton NJ 08625-0379
518611998      +U.S. Bank National Association Trustee (See 410),    c/o Specialized Loan Servicing LLC,
                 8742 Lucent Blvd, Suite 300,    Highlands Ranch, Colorado 80129-2386
518553373      +Wells Fargo Home Mortgage,    PO Box 10335,    Des Moines, IA 50306-0335
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.

```
smg             E-mail/Text: usanj.njbankr@usdoj.gov Sep 12 2020 01:03:10    U.S. Attorney,    970 Broad St.,
                 Room 502,    Rodino Federal Bldg.,    Newark, NJ 07102-2534
smg            +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Sep 12 2020 01:03:06    United States Trustee,
                 Office of the United States Trustee,    1085 Raymond Blvd.,    One Newark Center,    Suite 2100,
                 Newark, NJ 07102-5235
cr              E-mail/Text: sbse.cio.bnc.mail@irs.gov Sep 12 2020 01:02:31
                 United States of America (Internal Revenue Service,    U.S. Attorney's Office,
                 970 Broad Street,    Suite 700,    Newark, NJ 07102-2535
518549762      +E-mail/Text: bankruptcy@pepcoholdings.com Sep 12 2020 01:02:39
                 Atlantic City Electric Company,    5 Collins Drive, Suite 2133,    Mail Stop 84CP42,
                 Carneys Point NJ 08069-3600
518606356      +E-mail/Text: bankruptcy@cavps.com Sep 12 2020 01:03:36    Cavalry SPV I, LLC,
                 500 Summit Lake Drive, Ste 400,    Valhalla, NY 10595-2321
518517353       E-mail/Text: JCAP_BNC_Notices@jcap.com Sep 12 2020 01:03:32    Jefferson Capital Systems LLC,
                 Po Box 7999,    Saint Cloud Mn 56302-9617
518510327       E-mail/PDF: resurgentbknotifications@resurgent.com Sep 12 2020 01:08:51    LVNV Funding, LLC,
                 Resurgent Capital Services,    PO Box 10587,    Greenville, SC 29603-0587
518526590       E-mail/PDF: MerrickBKNotifications@Resurgent.com Sep 12 2020 01:09:56    MERRICK BANK,
                 Resurgent Capital Services,    PO Box 10368,    Greenville, SC 29603-0368
518584592      +E-mail/Text: JCAP_BNC_Notices@jcap.com Sep 12 2020 01:03:32    Premier Bankcard, Llc,
                 Jefferson Capital Systems LLC Assignee,    Po Box 7999,    Saint Cloud Mn 56302-7999
518506925      +E-mail/PDF: EBN_AIS@AMERICANINFOSOURCE.COM Sep 12 2020 01:10:23    T Mobile/T-Mobile USA Inc,
                 by American InfoSource as agent,    4515 N Santa Fe Ave,    Oklahoma City, OK 73118-7901
518553371      +E-mail/Text: wfmelectronicbankruptcynotifications@verizonwireless.com Sep 12 2020 01:01:33
                 Verizon,    PO Box 650584,    Dallas, TX 75265-0584
518601917      +E-mail/PDF: EBN_AIS@AMERICANINFOSOURCE.COM Sep 12 2020 01:10:24    Verizon,
                 by American InfoSource as agent,    4515 N Santa Fe Ave,    Oklahoma City, OK 73118-7901
518553372      +E-mail/Text: wfmelectronicbankruptcynotifications@verizonwireless.com Sep 12 2020 01:01:33
                 Verizon Wireless,    PO Box 650051,    Dallas, TX 75265-0051
                                                                                               TOTAL: 13

            ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
518553365*       IRS,    PO Box 7346,    Philadelphia, PA 19101-7346
518896239*      +U.S. Bank National Association Trustee (See 410),    c/o Specialized Loan Servicing LLC,
                 8742 Lucent Blvd, Suite 300,    Highlands Ranch, Colorado 80129-2386
                                                                                 TOTALS: 0, * 2, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

```
District/off: 0312-1          User: admin              Page 2 of 2              Date Rcvd: Sep 11, 2020
                              Form ID: pdf901          Total Noticed: 35
```

***** BYPASSED RECIPIENTS (continued) *****

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update.
While the notice was still deliverable, the notice recipient was advised to update its address with the court
immediately.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 13, 2020                              Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on September 2, 2020 at the address(es) listed below:
              Brian C. Nicholas    on behalf of Creditor    Citigroup Mortgage Loan Trust Inc., Mortgage
               Pass-Through Certificates, Series 2006-WF1, U.S. Bank National Association, as Trustee
               bnicholas@kmllawgroup.com, bkgroup@kmllawgroup.com
              Eamonn  O'Hagan    on behalf of Creditor    United States of America (Internal Revenue Service)
               eamonn.ohagan@usdoj.gov
              Eric  Clayman    on behalf of Debtor Gregory Steven Tillman jenkins.clayman@verizon.net,
               connor@jenkinsclayman.com
              Gavin  Stewart    on behalf of Creditor    Specialized Loan Servicing LLC bk@stewartlegalgroup.com
              Isabel C. Balboa    ecfmail@standingtrustee.com, summarymail@standingtrustee.com
              Isabel C. Balboa    on behalf of Trustee Isabel C. Balboa ecfmail@standingtrustee.com,
               summarymail@standingtrustee.com
              Jeffrey E. Jenkins    on behalf of Debtor Gregory Steven Tillman jenkins.clayman@verizon.net,
               connor@jenkinsclayman.com
              Jennifer R. Gorchow    on behalf of Trustee Isabel C. Balboa jgorchow@standingtrustee.com
              Kevin Gordon McDonald    on behalf of Creditor    Citigroup Mortgage Loan Trust Inc., Mortgage
               Pass-Through Certificates, Series 2006-WF1, U.S. Bank National Association, as Trustee
               kmcdonald@kmllawgroup.com, bkgroup@kmllawgroup.com
              Raymond  Shockley, Jr    on behalf of Trustee Isabel C. Balboa ecf@standingtrustee.com
              Rhondi L. Schwartz    on behalf of Debtor Gregory Steven Tillman jenkins.clayman@verizon.net
              Robert G. Shinn    on behalf of Creditor Peter  Reese wmsllc@comcast.net,
               G9544@notify.cincompass.com
              U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov
              William M.E. Powers, III    on behalf of Creditor    U.S. Bank National Association, as Trustee for
               Citigroup Mortgage Loan Trust Inc., Mortgage Pass-Through Certificates, Series 2006-WF1
               ecf@powerskirn.com
                                                                                             TOTAL: 14
```