**STATISTICAL INFORMATION ONLY: Debtor must select the number of each of the following items included in the Plan.**

__0__ Valuation of Security    __2__ Assumption of Executory Contract or Unexpired Lease    __1__ Lien Avoidance

**Last revised: August 1, 2020**

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW JERSEY

In Re:  
Gregory S. Tillman

Debtor(s)

Case No.: __19-28709__

Judge: __ABA__

## Chapter 13 Plan and Motions

☑ Original    ☐ Modified/Notice Required    Date: __09/02/2020__

☑ Motions Included    ☐ Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE

**YOUR RIGHTS MAY BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the Notice. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

> **The following matters may be of particular importance. Debtors must check one box on each line to state whether the plan includes each of the following items. If an item is checked as "Does Not" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

THIS PLAN:

☐ DOES ☑ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☑ DOES ☐ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☐ DOES ☑ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney: __EC__    Initial Debtor: __GT__    Initial Co-Debtor: _____

### Part 1: Payment and Length of Plan

a. $45,852 paid to date through August 2022; then $3062 a month to begin September 2022 for final; 26 months of the plan (60-month total)

b. The debtor shall make plan payments to the Trustee from the following sources:

☑ Future earnings

☐ Other sources of funding (describe source, amount and date when funds are available):

c. Use of real property to satisfy plan obligations:

☐ Sale of real property
   Description:
   Proposed date for completion: _____

☐ Refinance of real property:
   Description:
   Proposed date for completion: _____

☐ Loan modification with respect to mortgage encumbering property:
   Description:

d. ☑ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e. ☐ Other information that may be important relating to the payment and length of plan:

### Part 2: Adequate Protection   ☑ NONE

a. Adequate protection payments will be made in the amount of _____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to _____ (creditor).

b. Adequate protection payments will be made in the amount of _____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: _____ (creditor).

### Part 3: Priority Claims (Including Administrative Expenses)

a. All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| CHAPTER 13 STANDING TRUSTEE | ADMINISTRATIVE | AS ALLOWED BY STATUTE |
| ATTORNEY FEE BALANCE | ADMINISTRATIVE | BALANCE DUE  $1,200 is estimated fees subject to court approval |
| IRS | TAXES | $56,022.50 |
| STATE OF NEW JERSEY | taxes | $9,756.95 |

b. Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount:

Check one:

☑ None

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|
| | | | |

## Part 4:    Secured Claims

a. **Curing Default and Maintaining Payments on Principal Residence:** ☑ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| Specialized Loan Servicing | Residence | $5,473.80 | N/A | $5472.80 | Resume September 2020 |

b. **Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears:** ☑ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| | | | | | |

c. **Secured claims excluded from 11 U.S.C. 506** ☐ NONE

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|
| Ally Financial | 2018 Dodge Challenger | 5% Till Rate | $20,000.00 | $22,645.00 |

d. **Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments** ☑ NONE

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this Section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to be Paid |
|---|---|---|---|---|---|---|---|
| Atlantic Auto Body | 2006 Honda | $3,000 | $1,500 | N/A | $1,500 | N/A | $1,500 |

| NJ Division of Taxation | There is no real property to secure the secured claims | $31,010.20 | Zero | N/A | Zero | N/A | **Zero** |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

e.    **Surrender** ☑ NONE

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
| State of New Jersey | 2001 Chevrolet Van | $300 | $7,200 |

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|

**f.    Secured Claims Unaffected by the Plan** ☑ NONE

The following secured claims are unaffected by the Plan: Chapter 13 Trustee will not pay the pre-petition claim filed by Specialized Loan Servicing (SLS).  Debtor and SLS continue to negotiatie a loan modification.

The Trustee will pay SLS post-petition claims ($5473.80) plus attorney fees $531) and Debtor will continue to pay SLS for current payments outside plan.

**g.    Secured Claims to be Paid in Full Through the Plan:** ☑ NONE

| Creditor | Collateral | Total Amount to be Paid Through the Plan |
|---|---|---|

### Part 5:    Unsecured Claims    ☐ NONE

**a.    Not separately classified** allowed non-priority unsecured claims shall be paid:

☑ Not less than _____$0.00_____ to be distributed *pro rata*

☑ Not less than _____0.00%_____ percent

☐ *Pro Rata* distribution from any remaining funds

**b.    Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|

### Part 6:    Executory Contracts and Unexpired Leases    ☐ NONE

(NOTE: See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment of Debtor | Post-Petition Payment |
|---|---|---|---|---|

\

### Part 7:    Motions    ☐ NONE

**NOTE: All plans containing motions must be served on all affected lienholders, together with local form, Notice of Chapter 13 Plan Transmittal, within the time and in the manner set forth in D.N.J. LBR 3015-1. A *Certification of Service, Notice of Chapter 13 Plan Transmittal and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.**

**a.    Motion to Avoid Liens Under 11. U.S.C. Section 522(f).** ☑ NONE

The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|

**b.    Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured** ☑ NONE

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
| New Jersey Division of Taxation | There is no equity in property to secure the secured claim | $31,018.20 | Zero | N/A | Zero | $31,018.20 |

c. **Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** ☐ NONE

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
| Atlantic Auto Body | 2006 Honda | $3000 | $1500 | $1500 | $1500 |

## Part 8:    Other Plan Provisions

a. **Vesting of Property of the Estate**

   ☑ Upon confirmation

   ☐ Upon discharge

b. **Payment Notices**

Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

c. **Order of Distribution**

   The Standing Trustee shall pay allowed claims in the following order:

   Ch.13 Standing Trustee commissions
   Jenkins & Clayman
   Atlantic Auto Body
   IRS & State of New Jersey pro rata

d. **Post-Petition Claims**

The Standing Trustee ☐ is, ☑ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

## Part 9:    Modification    ☑ NONE

**NOTE: Modification of a plan does not require that a seperate motion be filed. A modified plan must be served in accordance with D.N.J. LBR 3015-2.**

If this Plan modifies a Plan previously filed in this case, complete the information below.

Date of Plan being modified: _____

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|

| 1.Plan needed more clarity that there are no deadlines to complete the loan modification with SLS | 1.To confirm Debtor and SLS will work in good faith to complete loan modification.<br>2.To match plan with claims<br>3. To note payments resume to Trustee September 2022 |
|---|---|

Are Schedules I and J being filed simultaneously with this Modified Plan?    ☐ Yes    ☑ No

**Part 10:    Non-Standard Provision(s): Signatures Required**

Non-Standard Provisions Requiring Separate Signatures:

☑ NONE

☐ Explain Here:

Any non-standard provisions placed elsewhere in this plan are ineffective.

## Signatures

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

By signing and filing this document, the debtor(s), if not represented by an attorney, or the attorney for the debtor(s) certify that the wording and order of the provisions in this Chapter 13 Plan are identical to Local Form, *Chapter 13 Plan and Motions*, other than any non-standard provisions included in Part 10.

I certify under penalty of perjury that the above is true.

Date:  08/25/2022           /s/ Gregory S. Tillman
                            Gregory S. Tillman
                            Debtor

Date:  _____          _____
                            Joint Debtor

Date:  08/25/2022           /s/ Eric J. Clayman
                            Eric J. Clayman
                            Attorney for Debtor(s)
                            Jenkins & Clayman
                            412 S. Whitehorse Pike
                            Audubon, NJ 08106
                            Phone: (856) 546-9696
                            Email: mail@jenkinsclayman.com

United States Bankruptcy Court

District of New Jersey

In re:  Case No. 19-28709-ABA

Gregory Steven Tillman  Chapter 13

    Debtor

# CERTIFICATE OF NOTICE

District/off: 0312-1    User: admin    Page 1 of 3
Date Rcvd: Sep 08, 2022    Form ID: pdf901    Total Noticed: 37

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |
| # | Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update. While the notice was still deliverable, the notice recipient was advised to update its address with the court immediately. |
| ## | Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable. Notices will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed. The debtor's attorney or pro se debtor was advised that the specified notice was undeliverable. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Sep 10, 2022:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | | Gregory Steven Tillman, 532 Old Marlton Pike W#567, Marlton, NJ 08083 |
| auc | + | Frank Stevens, 2903 Pacific Ave, Wildwood, NJ 08260-4942 |
| cr | + | Specialized Loan Servicing LLC, P.O. Box 340514, Tampa, FL 33694-0514 |
| 518553366 | + | Acorns, 5300 California Avenue, Irvine, CA 92617-3038 |
| 518575903 | + | Atlantic Auto Body Shop, 2735 Fire Road, Egg Harbor Twp., NJ 08234-9539 |
| 518553368 | | First Progress Card, PO Box 9053, Johnson City, TN 37615-9053 |
| 518519644 | + | Jenkins & Clayman, 412 White Horse Pike, Audubon, NJ 08106-1311 |
| 519206188 | + | Laura Ortiz, c/o Barker Gelfand James & Sarvas, 210 New Road, Linwood Greene, Suite 12, Linwood NJ 08221-1371 |
| 519206189 | #+ | Laura Ortiz, 808 Marshall Court, Ventnor City NJ 08406-1214 |
| 518508607 | #+ | NJ American Water, PO Box 578, Alton IL 62002-0578 |
| 518553363 | + | Peter Reese, c/o Maaco Collision Repair, 101 Devins Lane, Pleasantville, NJ 08232-4109 |
| 518499099 | + | Powers Kirn, LLC, 728 Marne Highway, Suite 200, Moorestown, NJ 08057-3128 |
| 518553369 | + | Receivable Performance, 20818 44th Avenue W, Suite 100, Lynnwood, WA 98036-7709 |
| 518616277 | | STATE OF NEW JERSEY, DEPARTMENT OF THE TREASURY, DIVISION OF TAXATION, P.O. BOX 245, TRENTON, NJ 08695-0245 |
| 518575902 | + | Specialized Loan Servicing LLC, c/o Powers Kirn, LLC, 728 Marne Highway #200, Moorestown, NJ 08057-3128 |
| 518553364 | | State of New Jersey, Division of Taxation, PO Box 445, Trenton, NJ 08695-0445 |
| 518651326 | | THE STATE OF NEW JERSEY, DIVISION OF EMPLOYER ACCOUNTS, PO BOX 379, TRENTON NEW JERSEY 08625-0379 |
| 518656884 | | The State of New Jersey, PO Box 379, Trenton NJ 08625-0379 |

TOTAL: 18

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| smg | | Email/Text: usanj.njbankr@usdoj.gov | Sep 08 2022 20:40:00 | U.S. Attorney, 970 Broad St., Room 502, Rodino Federal Bldg., Newark, NJ 07102-2534 |
| smg | + | Email/Text: ustpregion03.ne.ecf@usdoj.gov | Sep 08 2022 20:40:00 | United States Trustee, Office of the United States Trustee, 1085 Raymond Blvd., One Newark Center, Suite 2100, Newark, NJ 07102-5235 |
| cr | | Email/Text: sbse.cio.bnc.mail@irs.gov | Sep 08 2022 20:39:00 | United States of America (Internal Revenue Service, U.S. Attorney's Office, 970 Broad Street, Suite 700, Newark, NJ 07102-2535 |
| 518549762 | + | Email/Text: bankruptcy@pepcoholdings.com | Sep 08 2022 20:40:00 | Atlantic City Electric Company, 5 Collins Drive, Suite 2133, Mail Stop 84CP42, Carneys Point NJ 08069-3600 |
| 519099307 | + | Email/Text: bankruptcy@bbandt.com | Sep 08 2022 20:39:00 | BB&T now Truist, Bankruptcy Section, 100-50-01-51, P.O. box 1847, Wilson, NC 27894-1847 |
| 518606356 | + | Email/Text: bankruptcy@cavps.com | Sep 08 2022 20:40:00 | Cavalry SPV I, LLC, 500 Summit Lake Drive, Ste 400, Valhalla, NY 10595-2321 |

Case 19-28709-ABA    Doc 129    Filed 09/10/22    Entered 09/11/22 00:14:11    Desc
Imaged Certificate of Notice    Page 10 of 11

| District/off: 0312-1 | User: admin | Page 2 of 3 |
|---|---|---|
| Date Rcvd: Sep 08, 2022 | Form ID: pdf901 | Total Noticed: 37 |

| Recip ID | | Notice Type | Date/Time | Name and Address |
|---|---|---|---|---|
| 518553367 | | Email/PDF: ais.fpc.ebn@aisinfo.com | Sep 08 2022 20:47:31 | First Premier Bank, PO Box 5529, Sioux Falls, SD 57117-5529 |
| 518517353 | | Email/Text: JCAP_BNC_Notices@jcap.com | Sep 08 2022 20:40:00 | Jefferson Capital Systems LLC, Po Box 7999, Saint Cloud Mn 56302-9617 |
| 518519644 | + | Email/Text: mail@jenkinsclayman.com | Sep 08 2022 20:39:00 | Jenkins & Clayman, 412 White Horse Pike, Audubon, NJ 08106-1311 |
| 518510327 | | Email/PDF: resurgentbknotifications@resurgent.com | Sep 08 2022 20:47:58 | LVNV Funding, LLC, Resurgent Capital Services, PO Box 10587, Greenville, SC 29603-0587 |
| 518526590 | | Email/PDF: MerrickBKNotifications@Resurgent.com | Sep 08 2022 20:47:27 | MERRICK BANK, Resurgent Capital Services, PO Box 10368, Greenville, SC 29603-0368 |
| 518584592 | + | Email/Text: JCAP_BNC_Notices@jcap.com | Sep 08 2022 20:40:00 | Premier Bankcard, Llc, Jefferson Capital Systems LLC Assignee, Po Box 7999, Saint Cloud Mn 56302-7999 |
| 518490982 | + | Email/Text: bkelectronicnoticecourtmail@computershare.com | Sep 08 2022 20:39:00 | Specialized Loan Servicing LLC, 8742 Lucent Blvd, Littleton, CO 80129-2386 |
| 518506925 | + | Email/PDF: ebn_ais@aisinfo.com | Sep 08 2022 20:47:35 | T Mobile/T-Mobile USA Inc, by American InfoSource as agent, 4515 N Santa Fe Ave, Oklahoma City, OK 73118-7901 |
| 518553370 | + | Email/Text: bknotices@totalcardinc.com | Sep 08 2022 20:40:00 | The Bank of Missouri - Total Card, PO Box 85710, Sioux Falls, SD 57118-5710 |
| 518611998 | + | Email/Text: bkelectronicnoticecourtmail@computershare.com | Sep 08 2022 20:39:00 | U.S. Bank National Association Trustee (See 410), c/o Specialized Loan Servicing LLC, 8742 Lucent Blvd, Suite 300, Highlands Ranch, Colorado 80129-2386 |
| 518601917 | + | Email/PDF: ebn_ais@aisinfo.com | Sep 08 2022 20:47:11 | Verizon, by American InfoSource as agent, 4515 N Santa Fe Ave, Oklahoma City, OK 73118-7901 |
| 518553371 | + | Email/Text: wfmelectronicbankruptcynotifications@verizonwireless.com | Sep 08 2022 20:39:00 | Verizon, PO Box 650584, Dallas, TX 75265-0584 |
| 518553372 | + | Email/Text: wfmelectronicbankruptcynotifications@verizonwireless.com | Sep 08 2022 20:39:00 | Verizon Wireless, PO Box 650051, Dallas, TX 75265-0051 |
| 518553373 | + | Email/PDF: Bankruptcynoticeshomelending@wellsfargo.com | Sep 08 2022 20:58:20 | Wells Fargo Home Mortgage, PO Box 10335, Des Moines, IA 50306-0335 |

TOTAL: 20

## BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

| Recip ID | Bypass Reason | Name and Address |
|---|---|---|
| 518553365 | * | IRS, PO Box 7346, Philadelphia, PA 19101-7346 |
| 518896239 | *+ | U.S. Bank National Association Trustee (See 410), c/o Specialized Loan Servicing LLC, 8742 Lucent Blvd, Suite 300, Highlands Ranch, Colorado 80129-2386 |
| 518584132 | ##+ | Kevin G. McDonald, Esquire, KML Law Group, P.C., 216 Haddon Avenue, Ste. 406, Westmont, NJ 08108-2812 |

TOTAL: 0 Undeliverable, 2 Duplicate, 1 Out of date forwarding address

## NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Case 19-28709-ABA    Doc 129    Filed 09/10/22    Entered 09/11/22 00:14:11    Desc
Imaged Certificate of Notice    Page 11 of 11

| | | |
|---|---|---|
| District/off: 0312-1 | User: admin | Page 3 of 3 |
| Date Rcvd: Sep 08, 2022 | Form ID: pdf901 | Total Noticed: 37 |

Date: Sep 10, 2022                    Signature:        /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on August 29, 2022 at the address(es) listed below:**

**Name**             **Email Address**

Brian C. Nicholas
> on behalf of Creditor Citigroup Mortgage Loan Trust Inc.  Mortgage Pass-Through Certificates, Series 2006-WF1, U.S. Bank National Association, as Trustee bnicholas@kmllawgroup.com, bkgroup@kmllawgroup.com

Eamonn O'Hagan
> on behalf of Creditor United States of America (Internal Revenue Service) eamonn.ohagan@usdoj.gov

Eric Clayman
> on behalf of Debtor Gregory Steven Tillman mail@jenkinsclayman.com  JenkinsClayman@jubileebk.net

Gavin Stewart
> on behalf of Creditor Specialized Loan Servicing LLC bk@stewartlegalgroup.com

Isabel C. Balboa
> ecfmail@standingtrustee.com  summarymail@standingtrustee.com

Isabel C. Balboa
> on behalf of Trustee Isabel C. Balboa ecfmail@standingtrustee.com  summarymail@standingtrustee.com

Jeffrey E. Jenkins
> on behalf of Debtor Gregory Steven Tillman mail@jenkinsclayman.com  JenkinsClayman@jubileebk.net

Jennifer R. Gorchow
> on behalf of Trustee Isabel C. Balboa jgorchow@standingtrustee.com

Kevin Gordon McDonald
> on behalf of Creditor Citigroup Mortgage Loan Trust Inc.  Mortgage Pass-Through Certificates, Series 2006-WF1, U.S. Bank National Association, as Trustee kmcdonald@kmllawgroup.com, bkgroup@kmllawgroup.com

Raymond Shockley, Jr
> on behalf of Trustee Isabel C. Balboa ecf@standingtrustee.com

Rhondi L. Schwartz
> on behalf of Debtor Gregory Steven Tillman mail@jenkinsclayman.com

Robert G. Shinn
> on behalf of Creditor Peter Reese wmsllc@comcast.net  G9544@notify.cincompass.com

U.S. Trustee
> USTPRegion03.NE.ECF@usdoj.gov

William M.E. Powers, III
> on behalf of Creditor U.S. Bank National Association  as Trustee for Citigroup Mortgage Loan Trust Inc., Mortgage Pass-Through Certificates, Series 2006-WF1 ecf@powerskirn.com

TOTAL: 14